**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CASE NO. 3:08-CV-48**

JOHN DAUGHERTY                                                                    PLAINTIFF

v.

AMERICAN EXPRESS COMPANY, ET AL.                       DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the Court upon Defendants American Express Company ("American Express") and HealthExtras, Inc.'s ("HealthExtras") Motion for Summary Judgment (Docket #99). Plaintiff has responded (Docket #101). Defendants American Express and HealthExtras have responded and replied (Docket #102). This matter is now ripe for adjudication. For the following reasons, Defendants' Motion for Summary Judgment is GRANTED.

**BACKGROUND**

Plaintiff John Daugherty, an American Express cardholder, was solicited by mail to purchase an accidental disability plan. American Express and HealthExtras marketed the policy to card members, along with additional benefits, including an accidental loss of life benefit, emergency evacuation services, and an emergency accident and sickness medical expense benefit. The accidental disability policy was issued by Federal, but the other benefits were provided by different insurers. Sklover served as the insurance broker.

Plaintiff enrolled in the Plan offered by American Express and HealthExtras. HealthExtras mailed copies of the Plan Summary and Benefit Plan Description to Plaintiff on October 16, 2001. Plaintiff had ninety days to review the documents and cancel his enrollment for a full refund. Plaintiff chose not to do so, and began paying monthly premiums of $12.95 for

$1.5 million lump sum disability insurance coverage.

On February 23, 2003, Plaintiff fell at work and suffered injuries leaving him disabled. In March of 2004, Plaintiff received and thereafter filed a claim form through American Express. On May 5, 2004, Federal informed Plaintiff that his claim had been received. Plaintiff was informed by Federal that his claim was denied on November 29, 2004, because Plaintiff's injury did not constitute "Permanent Total Disability" as defined by the policy.

## PROCEDURAL HISTORY

Plaintiff filed a complaint in state court on December 27, 2007. This case was removed to this Court on January 17, 2008. Plaintiff filed his first amended complaint on June 12, 2008. The Court entered a scheduling order on September 10, 2008, which was amended repeatedly up until the final amendment filed on September 18, 2009. This Order allowed the parties to file amended pleadings up until October 2, 2009.

On September 29, 2009, Defendants HealthExtras and American Express filed a joint motion for summary judgment. On October 2, 2009, Plaintiff filed his second amended complaint. HealthExtras and American Express moved to strike or dismiss Plaintiff's second amended complaint on October 16, 2009. On October 21, 2009, Defendants The Sklover Group and Federal Insurance also moved to strike the second amended complaint. Plaintiff filed a motion to amend/correct the amended complaint on November 11, 2009.

On January 29, 2010, the Court bifurcated Plaintiff's breach of contract/coverage claim from his bad faith and other remaining claims. Any discovery or motion practice regarding the non-coverage claims has been held in abeyance pending the resolution of the coverage claim. On March 18, 2010, Defendants American Express and HealthExtras filed a renewed joint

motion for summary judgment addressing only the coverage claim, and the Court denied the previous motion for summary judgment as moot. On June 16, 2010, the Court vacated the jury trial of July 19, 2010, pending further order of the Court.

## STANDARD

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

## DISCUSSION

Plaintiff's Complaint alleges that all Defendants are liable under a breach of contract theory for refusal to pay Plaintiff the $1.5 million lump sum benefit under the accidental disability policy issued to Plaintiff in late 2001. Defendants HealthExtras and American Express have moved for summary judgment as to Plaintiff's breach of contract claims.

HealthExtras and American Express contend that Plaintiff's breach of contract claim must fail for two reasons: (1) HealthExtras and American Express are not parties to the insurance contract, and therefore not in privity with Plaintiff; and (2) even if HealthExtras and American Express were a liable party under the contract, the three year statute of limitations set out in the insurance policy bars Plaintiff's claim.

Plaintiff appears to argue that two insurance policies exist, and HealthExtras and American Express are the insurers of one of them with Federal as the insurer of a reinsurance contract. This theory is unreasonable and unsupported by the facts. The parties have submitted the following documents: the solicitation sent to Plaintiff by American Express, the Plan Summary issued to Plaintiff, the Benefit Plain Description, the Marketing Agreement between HealthExtras and American Express, and the Master Policy for Voluntary Accident Insurance. The Marketing Agreement is discussed below. The remaining documents do not support Plaintiff's arguments.

First, the solicitation received by Plaintiff is not a contract. *See S. Louisville Cmty. Ministries, Inc. v. Anthem Health Plans of Ky., Inc.*, No. 2005-CA-000148-MR, 2006 WL 335895, *1 (Ky. Ct. App. Feb. 3, 2006) (citing *Pa. Life Ins. Co. v. McReynolds*, 440 S.W.2d 275 (Ky. 1969)). The Plan Summary is a one page document which briefly lists the benefits Plaintiff is to receive, "subject to terms and conditions described in the Benefit Plan Description and in

4

the Master Policies . . . ." The Plan Summary describes the $1.5 million accidental disability benefit as being underwritten by Federal Insurance Company.

Plaintiff describes the Benefit Plan Description ("BPD") as the American Express/HealthExtras policy, and seeks to hold those parties liable under that contract. The BPD contains the following disclaimer:

> Please read this and, if you enroll, please keep it in a safe place with your other insurance documents. This summary is not a contract of insurance but is simply an informative statement of the principal provisions of the insurance while in effect. Complete provisions pertaining to this plan of insurance are contained in the master policies on file with the policyholder. If this insurance plan does not conform to your state statutes, it will be amended to comply with such laws. If a statement in this booklet and any provision in the policy differ, the policy will govern.

BPD, DN 99-4, p. 2. Although this language exists in the BPD, the Sixth Circuit has declared that "statements in a summary plan are binding and if such statements conflict with those in the plan itself, the summary shall govern." *Edwards v. State Farm Mut. Auto. Ins. Co.*, 851 F.2d 134, 136 (6th Cir. 1988) (citing *Rhoton v. Central States, Southeast & Southwest*, 717 F.2d 988, 989-91 (6th Cir. 1983)).

Looking at the BPD and Master Policy together, the Court finds that HealthExtras and American Express are not insurers under either document. Both documents clearly refer to the "Company," defined as "Federal Insurance Company," as the provider of coverage. The evidence demonstrates that the arrangement between Plaintiff, American Express and Healthextras, and Federal and Sklover is a group insurance policy in which Federal serves as the insurer and Plaintiff is the insured. "[G]roup policies are essentially the same as a number of individual plans for the policyholder's [group members]." *Baseheart v. Life Ins. Co. of North America*, 960 F. Supp. 1210, 1214 (W.D. Ky. 1997). "Therefore, the conditions of insurance and

limitations of risk should be applied to the insureds, individually." *Id.* In essence, American Express acts as a "central entity." *See In re La. Health Serv. and Indem. Co.*, 749 So. 2d 610, 614 (La. 1999) ("A group insurance policy is a contract between an insurer and a central entity . . . for the benefit of a group of people that has some relationship to the central entity . . . ."). Plaintiff's claims for breach of contract therefore lie with the insurer and not American Express or HealthExtras.

Plaintiff also argues that he may sue HealthExtras and American Express under the Marketing Agreement. The Marketing Agreement is between HealthExtras and American Express; Plaintiff is not a party to the contract. Therefore, Plaintiff must be a third-party beneficiary in order to sue under the contract. *See Sexton v. Taylor County*, 692 S.W.2d 808, 810 (Ky. Ct. App. 1985) (citing *Long v. Reiss*, 160 S.W.2d 668 (1942)). Kentucky law recognizes two classes of third-party beneficiaries: donees and creditors. *Id.* Plaintiff is neither. Therefore, any breach of contract claim relating to the Marketing Agreement must fail.

Accordingly, the Court grants summary judgment as to Plaintiff's breach of contract claim against Defendants HealthExtras and American Express.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment is GRANTED.

An appropriate order shall issue.