# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION
# CASE NO. 3:08-CV-48

JOHN DAUGHERTY                                                         PLAINTIFF

v.

AMERICAN EXPRESS COMPANY, ET AL.                         DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiff's Motion *Nunc Pro Tunc* to File Second Amended Complaint (Docket #69), Defendants American Express Company ("American Express") and HealthExtras, Inc.'s ("HealthExtras") Motion to Strike or Alternatively to Dismiss Plaintiff's Second Amended Complaint (Docket #59), and Defendants Federal Insurance Company ("Federal") and The Sklover Group, Inc.'s ("Sklover") Motion to Strike Plaintiff's Proposed Second Amended Complaint (Docket #61). Defendants American Express and HealthExtras have responded and replied (Docket #79, 88). Defendants Federal and Sklover have responded and replied (Docket #78, 90). Plaintiff has responded and replied (Docket #72, 73, 86, 87). This matter is now ripe for adjudication. For the following reasons, the Court will allow Plaintiff to amend his Complaint insofar as his individual claims are concerned, but Plaintiff shall not be allowed to amend his Complaint to add class action allegations.

## BACKGROUND

Plaintiff John Daugherty, an American Express cardholder, was solicited by mail to purchase an accidental disability plan. American Express and HealthExtras marketed the policy to card members, along with additional benefits, including an accidental loss of life benefit, emergency evacuation services, and an emergency accident and sickness medical expense benefit. The accidental disability policy was issued by Federal, but the other benefits were

provided by different insurers. Sklover served as the insurance broker.

Plaintiff enrolled in the Plan offered by American Express and HealthExtras. HealthExtras mailed copies of the Plan Summary and Benefit Plan Description to Plaintiff on October 16, 2001. Plaintiff had ninety days to review the documents and cancel his enrollment for a full refund. Plaintiff chose not to do so, and began paying monthly premiums of $12.95 for $1.5 million lump sum disability insurance coverage.

On February 23, 2003, Plaintiff fell at work and suffered injuries leaving him disabled. In March of 2004, Plaintiff received and thereafter filed a claim form through American Express. On May 5, 2004, Federal informed Plaintiff that his claim had been received. Plaintiff was informed by Federal that his claim was denied on November 29, 2004, because Plaintiff's injury did not constitute "Permanent Total Disability" as defined by the policy.

## PROCEDURAL HISTORY

Plaintiff filed a complaint in state court on December 27, 2007. This case was removed to this Court on January 17, 2008. Plaintiff filed his first amended complaint on June 12, 2008. The Court entered a scheduling order on September 10, 2008, which was amended repeatedly up until the final amendment filed on September 18, 2009. This Order allowed the parties to file amended pleadings up until October 2, 2009.

On September 29, 2009, Defendants HealthExtras and American Express filed a joint motion for summary judgment. On October 2, 2009, Plaintiff filed his second amended complaint. HealthExtras and American Express moved to strike or dismiss Plaintiff's second amended complaint on October 16, 2009. On October 21, 2009, Defendants The Sklover Group and Federal Insurance also moved to strike the second amended complaint. Plaintiff filed a

motion to amend/correct the amended complaint on November 11, 2009.

On January 29, 2010, the Court bifurcated Plaintiff's breach of contract/coverage claim from his bad faith and other remaining claims. Any discovery or motion practice regarding the non-coverage claims has been held in abeyance pending the resolution of the coverage claim. On March 18, 2010, Defendants American Express and HealthExtras filed a renewed joint motion for summary judgment addressing only the coverage claim, and the Court denied the previous motion for summary judgment as moot. On June 16, 2010, the Court vacated the jury trial of July 19, 2010.

**STANDARD**

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." The rule directs that the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This rule gives effect to the principle that, as far as possible, cases should be determined on their merits and not on technicalities. *Cooper v. Am. Employers' Ins. Co.*, 296 F.2d 303, 306 (6th Cir. 1961). Denial of leave to amend may be appropriate "where there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Miller v. Champion Enters., Inc.*, 346 F.3d 660, 690 (6th Cir. 2003) (citations and quotation omitted).

A motion to amend is deemed futile if the proposed amendment "could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417 (6th Cir. 2000) (citing *Thiokol Corp. v. Department of Treasury, State of Michigan, Revenue Div.*, 987

3

F.2d 376, 382-83 (6th Cir. 1993)). "When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). The Court will consider only the complaint, which must include "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

The "[f]actual allegations in the complaint must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at 1965 (internal citation and quotation marks omitted). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* A plaintiff must allege sufficient factual allegations to give the defendant fair notice concerning the nature of the claim and the grounds upon which it rests. *Id.* at 1965. Additionally, "the conclusory nature of particular allegations cannot alone justify dismissing a complaint." *Back v. Hall*, 537 F.3d 552, 558 (6th Cir. 2008) (dismissal not appropriate although one essential element of the claim was pled in a conclusory manner).

## DISCUSSION

### I. Plaintiff's Individual Claims

Plaintiff's first amended complaint asserted the following causes of action: breach of insurance contract, breach of duty of good faith, violation of Kentucky's Unfair Claims Settlement Practices Act, promissory estoppel, misrepresentation, illusory policy, equitable

4

estoppel, violation of Kentucky's insurance agent licensing statute, and unauthorized insurer. In Plaintiff's proposed second amended complaint, Plaintiff moves to limit his individual claims to breach of contract, breach of duty of good faith, violation of Kentucky's Unfair Claims Settlement Practices Act, and misrepresentation.

Because the remaining claims were previously alleged in Plaintiff's first amended complaint, there is no prejudice to Defendants in allowing these four claims to proceed. Accordingly, Plaintiff's motion to amend his complaint as to his individual claims is granted. Although Defendants HealthExtras and American Express have moved to dismiss these remaining claims for a variety of reasons, the Court does not address these arguments at this time. Presently, the breach of contract claim is the subject of a motion for summary judgment, and the Court has since bifurcated the issues to deal with coverage claims first. Likewise, the Court will not address any of Defendants Federal and Sklover's futility arguments as to Plaintiff's remaining claims at this time, as a subsequent motion to dismiss or motion for summary judgment would be a more appropriate procedural means of addressing these issues.

**II.        Plaintiff's Class Claims: RICO, Civil Conspiracy, and Breach of Contract**

Plaitniff's proposed second amended complaint asserts class action claims alleging civil violations of R.I.C.O., civil conspiracy, and breach of contract. To the Court's knowledge, this is the first time Plaintiff has raised class action claims in the nearly two years since filing his original complaint. Plaintiff asserts that he did not receive the information necessary to bring these claims until July of 2009, and has acted in good faith.

Even so, the Court finds that allowing Plaintiff to amend his complaint to include these class claims would be prejudicial. Plaintiff's claims assert entirely new theories which would

5

substantially alter these proceedings. Moreover, Plaintiff's new claims are presented nearly two years into litigation. *See, e.g.*, *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (finding no abuse of discretion where "[t]he new claims set forth in the amended complaint would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense."); *Miss. Assoc. of Cooperatives v. Farmers Home Admin.*, 139 F.R.D. 542, 544 (D.D.C. 1991) ("Leave to amend here would do far more than allow plaintiff to fully litigate all the legal dimensions of their initial action, it would permit plaintiff to transform their case into something entirely new.").

Plaintiff's three class claims essentially rest on two allegations: (1) that Defendants improperly marked up the policy premium, and (2) that Defendants unlawfully manipulated the policy's terms by applying a "loss of use" requirement. In contrast, Plaintiff's individual claims speak only to issues of coverage and bad faith. Plaintiff's new class claims would involve additional discovery, expense, and delay. Further, Plaintiff is not prejudiced because he could bring the claims related to premiums in a separate action.

Plaintiff's class claims alleging Defendants applied a "loss of use" requirement to the definition of disability might relate more directly to his individual claims for breach of contract than his claims regarding premiums. However, the Court has examined the insurance documents in this case and believes that Plaintiff's "loss of use" argument would be futile. Plaintiff alleges that the "loss of use" requirement was concealed from Plaintiff and/or not defined in the policy. However, both an endorsement to the Master Policy and the Benefit Plan Description ("BPD") provided to Plaintiff specifically define "loss of use:"

> **Loss of Use** means the permanent and total inability of the specified body part to function, as determined by a **Physician**.

> **The following definitions of Loss of Use apply to Section IV.A of the Declarations, PERMANENT TOTAL DISABILITY LUMP SUM BENEFIT:**
>
>> *Loss of Use of Hand*
>>
>> **Loss of Use of Hand** means the **Loss of Use** at or above the knuckle joints of at least four (4) fingers on the same hand or at least three (3) fingers and the thumb of the same hand.
>>
>> *Loss of Use of Foot*
>>
>> **Loss of Use of Foot** means the **Loss of Use** of the foot at or above the ankle joint.

BPD, DN 99-4, p. 11 (emphasis in original); *see also* Master Policy, DN 101-5, p. 24-25. Section IV.A of the BPD lists the losses covered and the benefits available under the Permanent Total Disability Lump Sum Benefit. BPD, DN 99-4, p. 5.

The Sixth Circuit has declared that "statements in a summary plan are binding and if such statements conflict with those in the plan itself, the summary shall govern." *Edwards v. State Farm Mut. Auto. Ins. Co.*, 851 F.2d 134, 136 (6th Cir. 1988) (citing *Rhoton v. Central States, Southeast & Southwest*, 717 F.2d 988, 989-91 (6th Cir. 1983)). Moreover, "Kentucky law provides that an endorsement becomes part of the insurance contract if attached to the policy." *Ayers v. C & D Gen. Contractors*, 237 F. Supp. 2d 764, 771 (W.D. Ky. 2002) (citing *Kember Nat'l Ins. Co. v. Heaven Hill Distilleries, Inc.*, 82 S.W.3d 869, 875 (Ky. 2002)). If an endorsement conflicts with the existing terms of the policy, the endorsement prevails. *Id.* Accordingly, the BPD and endorsement are binding, and clearly define "loss of use." The BPD was provided to Plaintiff after he first signed up for the insurance policy, and he had ninety days to request a full refund. The Court fails to see how the "loss of use" definition was in any way concealed from Plaintiff.

Finding that Plaintiff's class claims would be either prejudicial or futile, the Court denies Plaintiff's motion to amend the complaint as to the three class claims.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion *Nunc Pro Tunc* to File Second Amended Complaint is GRANTED IN PART and DENIED IN PART. Accordingly, Defendants' motions are also GRANTED IN PART and DENIED IN PART.