# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION
# CASE NO. 3:08-CV-48

JOHN DAUGHERTY                                                                                PLAINTIFF

v.

AMERICAN EXPRESS COMPANY, ET AL.                                DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendant Federal Insurance Company's Motion to Strike and/or Exclude Dr. Roberts from Offering New Expert Opinions (Docket #133) and Motion to Compel (Docket #134). Plaintiff has responded (Docket #140, 141). Defendant has replied (Docket #144, 145). This matter is now ripe for adjudication. For the following reasons, Defendant's Motion to Exclude is DENIED and the Motion to Compel is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

Plaintiff John Daugherty, an American Express cardholder, was solicited by mail to purchase an accidental disability plan. American Express and HealthExtras marketed the policy to card members, along with additional benefits, including an accidental loss of life benefit, emergency evacuation services, and an emergency accident and sickness medical expense benefit. The accidental disability policy was issued by Defendant Federal Insurance Company ("Federal"), but the other benefits were provided by different insurers. Defendant The Sklover Group, Inc., served as the insurance broker.

Plaintiff enrolled in the Plan offered by American Express and HealthExtras. HealthExtras mailed copies of the Plan Summary and Benefit Plan Description to Plaintiff on October 16, 2001. Plaintiff had ninety days to review the documents and cancel his enrollment

for a full refund. Plaintiff chose not to do so, and began paying monthly premiums of $12.95 for $1.5 million lump sum disability insurance coverage.

On February 23, 2003, Plaintiff fell at work and suffered injuries leaving him disabled. In March of 2004, Plaintiff received and thereafter filed a claim form through American Express. On May 5, 2004, Federal informed Plaintiff that his claim had been received. Plaintiff was informed by Federal that his claim was denied on November 29, 2004, because Plaintiff's injury did not constitute "Permanent Total Disability" as defined by the policy.

## PROCEDURAL HISTORY

Plaintiff filed a complaint in state court on December 27, 2007. This case was removed to this Court on January 17, 2008. Plaintiff filed his first amended complaint on June 12, 2008. The Court entered a scheduling order on September 10, 2008, which was amended repeatedly up until the final amendment filed on September 18, 2009. This Order allowed the parties to file amended pleadings up until October 2, 2009.

On September 29, 2009, Defendants HealthExtras and American Express filed a joint motion for summary judgment. On October 2, 2009, Plaintiff filed his second amended complaint. HealthExtras and American Express moved to strike or dismiss Plaintiff's second amended complaint on October 16, 2009. On October 21, 2009, Defendants The Sklover Group and Federal Insurance also moved to strike the second amended complaint. Plaintiff filed a motion to amend/correct the amended complaint on November 11, 2009.

On January 29, 2010, the Court bifurcated Plaintiff's breach of contract/coverage claim from his bad faith and other remaining claims. Any discovery or motion practice regarding the non-coverage claims has been held in abeyance pending the resolution of the coverage claim.

2

On March 18, 2010, Defendants American Express and HealthExtras filed a renewed joint motion for summary judgment addressing only the coverage claim, and the Court denied the previous motion for summary judgment as moot. On June 16, 2010, the Court vacated the jury trial of July 19, 2010, pending further order of the Court.

The Court granted American Express and HealthExtras' motion for summary judgment as to the coverage claims on July 13, 2010. The Court also allowed Plaintiff to amend his First Amended Complaint insofar as his individual claims were concerned, but did not allow Plaintiff to amend his Complaint to add class action allegations. Defendants American Express and HealthExtras filed a motion to dismiss on August 3, 2010, as to the remaining claims. That motion was also granted by the Court. The remaining defendants in this action are Federal and The Sklover Group, Inc.

Federal filed the present motions on January 6, 2011. The deadlines for expert disclosures and discovery have passed. This matter has not yet been set for trial. On January 31, 2011, the Court issued an Order extending the deadline to file dispositive motions to thirty days following the Court's ruling on the two pending discovery motions. The Court now considers Federal's motions.

**DISCUSSION**

Plaintiff's expert Dr. Craig Roberts is a Louisville orthopedic surgeon who was retained by Plaintiff to review his medical records and conduct an independent medical examination. Dr. Roberts was then asked to offer his medical opinion concerning Plaintiff's current condition and the cause or causes thereof. Plaintiff submitted Dr. Roberts's expert report to Federal on September 29, 2009. On November 16, 2010, Federal requested to take Dr. Roberts's deposition

before the December 1, 2010, discovery deadline.  The Court extended the discovery deadline to December 14, 2010, to allow the completion of three depositions, including Dr. Roberts's deposition.  Dr. Roberts appeared for a deposition on December 9, 2010.  At this deposition, Plaintiff's counsel took possession of Dr. Roberts's expert file, reviewed it, and permitted Federal's counsel to review some of its contents.  Plaintiff's counsel claimed that the remaining documents were withheld as privileged communications.

**I.      Dr. Roberts's Deposition Testimony**

Federal now objects to the opinions given by Dr. Roberts at his deposition regarding Plaintiff's disability.  Federal argues that for the first time in his deposition, Dr. Roberts opined that Plaintiff is in fact "totally and permanently disabled" under the Policy.  Such statements, Federal argues, were not disclosed in Dr. Roberts's expert report and Dr. Roberts did not review any additional records or conduct an additional examination of Plaintiff between the time he submitted his expert report and appeared for his deposition.  Therefore, Federal believes this lack of disclosure has unfairly prejudiced Federal because Federal was unable to effectively cross-examine Dr. Roberts.  In addition, discovery is now closed and Federal has no opportunity to obtain a rebuttal expert witness.  Therefore, Federal asks the Court to either strike Dr. Roberts's deposition testimony in regard to his previously undisclosed opinions or to compel Dr. Roberts to appear for a second deposition at Plaintiff's expense.[1]

In response, Plaintiff asserts that Dr. Roberts did not offer any new opinions at his deposition, but rather supplemented his expert report as permitted by Federal Rule of Civil

---

[1]Federal also requests that Plaintiff produce a privilege log to Federal prior to Dr. Roberts's second deposition and that Dr. Roberts bring his entire, unredacted file to the deposition.  These issues are addressed in the second portion of this Memorandum Opinion.

Procedure 26(e)(2). In addition, Plaintiff believes that Federal's motion is premature because no trial date has been set. Plaintiff argues, "[i]n essence, Federal is seeking an advisory opinion, properly a motion *in limine*, as to the admissibility of testimony. . . . [T]he motion is premture absent an imminent trial date." Pl.'s Resp., DN 141, p. 4. Plaintiff does not allege that any additional records were provided to Dr. Roberts's between the date he presented his expert report and the date of his deposition.

The Court has reviewed Dr. Roberts's expert report and relevant portions of his December 9, 2010, deposition. According to Federal Rule of Civil Procedure 26, an expert report must contain, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). The relevant portions of Dr. Roberts's expert report, contained in the section titled "Analysis and Conclusions," are:

- The fall in February 2003 accelerated the clinical presentation of post-polio syndrome. Prior to that time, the condition was dormant and non-disabling. Mr. Daugherty did not have debilitating symptoms of post-polio syndrome. Rather, his fall in 2003 accelerate [sic] the clinical presentation of the condition.

- The fall in February 2003 aggravated existing lumbosacral spine disc disease with degenerative scoliosis.

- The fall in February 2003 caused right leg peroneal neuropathy.

- Mr. Daugherty has permanent limitations and restrictions including inability to do [sic] to walk for a prolonged period of time; limitations on lifting any amount of weight; limited ability to climb stairs; no ability to climb a ladder climbing; inability to do activities requiring deep knee bending.

- Mr. Daugherty's prognosis for improvement is poor, and his physical abilities are not expected to improve.

Initial Expert Report of Craig S. Roberts, M.D., DN 141-2, p. 11-12. During his deposition, Dr. Roberts responded to several questions posed by Plaintiff's counsel regarding the functional use of Plaintiff's feet and his ability to engage in gainful employment. For instance, Dr. Roberts asserts to a reasonable degree of medical certainty that (1) Plaintiff had functional use of his feet prior to February 2003, (2) Plaintiff lost functional use of his feet after his fall in February 2003, (3) Plaintiff has suffered the functional loss of use of both of his feet, (4) this functional loss was caused by his fall in February 2003, (5) this functional loss prevents him from engaging in any gainful employment for which he is qualified or could be qualified, (6) this functional loss is a condition of continuous and indefinite duration, and (7) this functional loss requires the continuous care of a physician.[2] Dr. Craig Roberts Depo., DN 133-7, p. 92-95.

---

[2]Under the policy, "Permanent Total Disability" is defined as "Accidental Bodily Injuries that solely and directly cause the Primary Insured Person's:

Loss of:

Use of One Hand and One Foot; or
Use of Both Hands or Both Feet; or
Sight of Both Eyes; or
Hearing of Both Ears; or
Speech,

which solely and directly:

1) prevent the Primary Insured Person from engaging in any gainful occupation for which the Primary Insured Person is qualified, or could be qualified, by reason of education, training, experience, or skill; and
2) cause a condition which is medically determined by a Physician, approved by the Company, to be of continuous and indefinite duration; and
3) require the continuous care of a Physician, unless the Primary Insured Person has reached his/her maximum point of recovery.

Benefit Plan Description, DN 102-2, p. 11.

Nowhere in Dr. Roberts's report does he discuss the functional loss of use of Plaintiff's feet or Plaintiff's inability to engage in gainful employment. Further, the Court believes it is disingenuous for Plaintiff to argue that such opinions are merely supplemental to Dr. Roberts's initial report. This is not simple elaboration (as Plaintiff's counsel classifies it) upon previously disclosed opinions. Because no trial date has been set in this matter, however, the Court will not exclude or strike Dr. Roberts's testimony. Dr. Roberts's opinions are limited to those noted in his previous report and deposition. Within thirty days, Plaintiff shall also make Dr. Roberts available for an additional two hour deposition. Any charge of Dr. Roberts shall be paid by Plaintiff. Each party shall pay their own attorneys' fees. Defendant may supplement its expert witness reports and designation within thirty days of the completion of Dr. Roberts's deposition, and make its experts available within thirty days thereof.

## II.     The Application of Rule 26

The next issue concerns the withholding of documents Plaintiff's counsel asserts are privileged. As noted by the parties, amendments to Federal Rule of Civil Procedure 26 went into effect on December 1, 2010. Previously, the Sixth Circuit had held that Rule 26 "requires disclosure of all information provided to testifying experts." *Reg'l Airport Auth. of Louisville v. LFG, LLC*, 460 F.3d 697, 715 (6th Cir. 2006). Following a majority of courts, the Sixth Circuit held that "Rule 26 creates a bright-line rule mandating disclosure of all documents, including attorney opinion work product, given to testifying experts." *Id.* at 717. The new amendments to Rule 26, however, limit the amount of disclosure:

> Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications:

7

> (i) relate to compensation for the expert's study or testimony;
>
> (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or
>
> (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

Fed. R. Civ. P. 26(b)(4)(C). Plaintiff's counsel argues that the documents were withheld subject to this new Rule. Plaintiff's counsel has also submitted the file for an *in camera* review and provided a privilege log.

Federal argues that the new Rule should not apply in this case. Citing *Galvin v. Pope*, Federal argues that the 2010 amendments should apply to pending cases if application is "just and practicable." No. 09-cv-104-PB, 2010 WL 3092640, at *6 (D.N.H. Aug. 5, 2010) (citing Order of April 28, 2010, which noted the amendments shall "take effect on December 1, 2010, and shall govern in all proceedings thereafter commenced and, insofar as just and practicable, all proceedings then pending"). Federal believes it would not be just and practicable to apply the amendments to this case because discovery of Dr. Roberts's file was sought prior to December 1, 2010, by subpoena, this case commenced three years ago, and Dr. Roberts is a key witness who offered new opinions despite having received no new information.

This case commenced in this Court on January 17, 2008. The parties have engaged in substantial motion practice since that time and deadlines have been set and reset. Discovery was scheduled to close in this case on December 1, 2010, which is the date of enactment of the 2010 amendments to the Federal Rules. On November 16, 2010, the Court extended discovery to December 14, 2010. Federal issued its subpoena for Roberts's file and service was accepted by Plaintiff's counsel on November 30, 2010. The subpoena specifically requested Dr. Roberts's

"original file including all documents provided by Plaintiff for his review and all documents and data created by him in the course of his work on this case, including but not limited to, any and all correspondence between Plaintiff and/or his attorneys and invoices for services sent to Plaintiff and/or his attorneys . . . ." Subpoena, DN 131-1, p. 1. Dr. Roberts's deposition took place on December 9, 2010.

The Court believes it is just and practicable to apply the 2010 amendments to this case. Accordingly, Plaintiff need only disclose communications relating to Dr. Roberts's compensation, identifying facts or data provided by Plaintiff's attorney to Dr. Roberts which were considered by Dr. Roberts in forming his opinions, and identifying assumptions provided by Plaintiff's attorney which were relied upon by the Dr. Roberts in forming his opinion. *See* Fed. R. Civ. P. 26(b)(4)(C)(i)-(iii). The Court has reviewed Plaintiff's privilege log[3] and finds that the following documents are privileged: 000028, 000029, 000031, 000032, 000036, and 000050. The Court finds that the remaining documents identified by Plaintiff as privileged (and not discussed in footnote 3) are not privileged because they do not contain communications between the expert and Plaintiff's attorney or representatives.

Plaintiff shall provide a copy of all documents in Dr. Roberts's file which have not been identified as privileged to Federal within fifteen days of the filing of this Memorandum Opinion

---

[3]Plaintiff indicates that the following documents should be withheld from Federal because they were previously disclosed to Federal: 000001-000027, 000033, 000037-000042, 000044-000048, 000051-000066. Clearly these documents are not privileged if they are already in Federal's possession. Plaintiff fails to cite authority for withholding these documents other than noting that "[t]he rules do not require multiple copies (or partial copies) to be provided." Priv. Log, DN 151-1, p. 3. The Court finds that because these documents are not privileged, there is no prejudice to Plaintiff in providing these documents to Federal. Accordingly, these documents shall be provided to Federal if requested.

and Order.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion to Strike and/or Exclude Dr. Roberts from Offering New Expert Opinions is DENIED and Defendant's Motion to Compel is GRANTED IN PART and DENIED IN PART.

A telephonic scheduling conference is hereby SET for **April 11, 2011,** at **10:30 a.m. EDT**. The Court will place the call to counsel.